# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| **ESTATE OF RENARDO GREEN, et al.** | Case No.: 1:22-cv-03198 |
| Plaintiffs, | **CIVIL ACTION** |
| vs. | |
| **CITY OF ANNAPOLIS, et al.** | |
| Defendants. | |

## PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY

Plaintiffs, by and through their undersigned counsel, respectfully submit this reply to Defendants' Memorandum in Opposition to Plaintiffs' Motion for Leave to Conduct Early Discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) (ECF No. 24). Defendants' opposition memorandum incorrectly and unnecessarily ascribes bad motives to Plaintiffs in seeking needful information through this motion. The opposition focuses on irrelevant factual disputes that are for the factfinder and do not implicate the present motion. Defendants incorrectly apply the established reasonableness standard, incorrectly emphasizing factors applicable to motions for preliminary injunction, not here. Plaintiffs' requests are narrowly tailored to elicit factual information needed to amend Plaintiffs' complaint to properly name the Doe Defendants, and—should the Court deem it necessary—to plead causes of action against the Doe and Officer Defendants with greater specificity, as Defendants have requested. In short, Defendants' opposition does not diminish the need or appropriateness of limited early discovery in this action.

1.  **The introduction to Defendants' opposition contains irrelevant, scurrilous. characterizations of factual disputes that do not implicate this motion.**

The introduction to Defendants' memorandum in opposition to Plaintiffs' motion outlines selected factual disputes and alleges Plaintiffs "attempt to mislead" the Court in their summary of the Complaint related to this motion (ECF No. 24 at 2). This accusation is unwarranted, and the factual issues Defendants outline are irrelevant to resolving the issues in this motion. Although Defendants may be correct that at the time of the Doe Defendants' arrival, Mr. Green was still on his side (the footage is ambiguous on this point), the body camera footage indicates one or more Officer Defendants worked with the Doe Defendants to put Mr. Green in a face down position and, incredibly, strap him in a face-down position with arms handcuffed behind his back to two stretchers simultaneously. (*See, e.g.*, ECF No. 23-8, File 1 at 18:00–18:20, File 2 at 5:01–8:02, File 3 at 11:00–15:30.) Furthermore, the footage indicates the episodic attempts of Mr. Green to lift his chest off the stretcher to be able to breathe adequately lasted mere seconds, obviously owing to the extreme nature of the restraints needlessly placed on Mr. Green. (*See, e.g.*, ECF No. 23-8, File 1 at 19:00–20:05.)

Ultimately, the exact timing of when Mr. Green was rolled on his stomach, by whom, the significance of his failed attempts to lift his chest off the stretcher, and the truth of the Defendant officers' reports concerning the incident, are in dispute and for the factfinder to determine. The Court need not resolve any factual disputes in deciding this motion.[1] That there is a fundamental difference between the accounts of Plaintiffs and Defendants further illustrates why this case is appropriate for early discovery.

---

[1] It may nonetheless be worth noting, although not necessarily for purposes of determining the present motion, that Defendants do not take issue with the vast majority of the factual assertions set forth in the factual and procedural background sections of Plaintiffs' motion.

This section of the opposition also maligns—baselessly and irrelevantly—Plaintiffs' discussion of attempts to obtain needful information prior to filing suit through the Public Information Act. Plaintiffs included that discussion in their motion to show their diligence and good faith in attempting to obtain through other channels the information sought in this motion. The full requests were included as exhibits to Plaintiffs' motion. Plaintiffs have been transparent with the Court concerning these efforts, whatever Defendants' implications to the contrary.

Defendants acknowledge, as they must, that the John Doe paramedics who encountered Renardo Green have not been identified in any materials provided to date. As Plaintiffs clearly outlined in their motion, one well-recognized purpose of conducting early discovery is to identify pseudonymous defendants so litigation may move forward with all defendants properly named, served, and fully participating in litigation. That litigation *may* be permitted under certain circumstances to proceed against a pseudonymous defendant hardly means that doing so is preferable, much less required. Defendants' authorities are not to the contrary.

**2.     The Fourth Circuit disfavors using injunctive relief criteria, favored by Defendants, to resolve motions for early discovery.**

Defendants incorrectly contend the court should apply the factors for determining whether to issue a preliminary injunction to determine whether Plaintiffs have shown good cause for early discovery. ECF 24. However, this approach has come under significant criticism, since "permission to commence discovery is a much less aggressive order than a preliminary injunction." *Allen v. City of Graham*, No. 1:20-CV-997, 2021 WL 2037983 at *6 (M.D.N.C. May 21, 2021) (*quoting* Charles Alan Wright, et al., Federal Practice and Procedure § 2046.1 (3d ed. & Apr. 2021 update). The Fourth Circuit has adopted "the majority view that, 'a standard based upon reasonableness or good cause, taking into account the totality of the circumstances, is more in keeping with discretion bestowed upon the court in the Federal Rules of Civil Procedure[.]'" *Allen* at *6; *see also, e.g.*, *Garnett v. Zeilinger*, No. 17-CV-1757 (CRC), 2017 WL 8944640, at *1 & n.1 (D.D.C. Dec. 15, 2017); *Chryso, Inc. v.*

3

*Innovative Concrete Sols. Of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. June 29, 2015); *L'Occitane, Inc. v. Trans Source Logistics, Inc.*, No. WMN-09-CV-2499, 2009 WL 3746690, at *2 (D. Md. Nov. 2, 2009).

Eschewing a preliminary injunction standard in this context makes intuitive sense. A first step in deciding whether to grant or deny a preliminary injunction is to decide the likelihood of irreparable harm to plaintiff balanced against the likelihood of harm to a defendant followed by an evaluation of the likelihood of success on the merits. *Hamilton Watch Co. v. Benrus Watch Co.*, 206 F.2d 738, 740, 743 (2d. Cir. 1953). Given that a likelihood of success on the merits of the cause of action has no place in motions for discovery, courts now reject the application of this common law standard in the discovery arena. *See Allen* *6; *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016).

As Plaintiffs have explained, "[t]o determine whether a request [for early discovery] is reasonable, courts look to five factors: (1) whether a motion for preliminary injunction is pending, (2) the discovery request's breadth, (3) the purpose for requesting expedited discovery, (4) the burden on the defendant to comply with the requested discovery, and (5) how far in advance of the typical discovery process the request is made." *Allen* at *6 (*quoting Garnett supra.* at *1); *accord, e.g.*, *Democracy N.C. v. North Carolina State Bd. of Elections*, No. 1:20-CV-457, 2020 WL 4288103, at *4 (M.D.N.C. July 27, 2020); *Michael v. Estate of Kovarbasich by and through Marano*, No. 1:14-CV-212, 2015 WL 13757325, at *2 (N.D.W. Va. Apr. 10, 2015); *JTH Tax, Inc. v. M & M Income Tax Serv., Inc.*, No. 6:13-CV-00265-GRA, 2013 WL 460316, at *2 (D.S.C. Feb. 6, 2013). Reasonableness is determined on a case-by-case basis and should be supported by good cause shown. *L'Occitane, Inc. supra.* at *2. As a matter of settled law, courts have broad discretion as to whether to grant leave for early discovery. *Brightview Group, LP v. Teeters*, SAG-19-2117, 2019 WL 116600174, at *1 (D. Md. Nov. 6, 2019); *see also IOMAXIS, LLC v. Hurysch*, 2022 WL 180734, at *4 (D. Md. Jan. 20, 2022) (stating that a court

4

may "exercise its discretion under Rule 26 [to] direct the parties to engage in discovery on an expedited basis" because "Plaintiff's requested discovery is tailored to obtain information relevant to a determination of whether Defendants should be enjoined").

Here, there has been good cause shown as to why expedited discovery should occur between these parties in this limited circumstance. As Plaintiffs explained in their initial motion, the scope of the requested discovery is narrow in scope and purpose, and important to the prosecution of this case at the pleadings stage. Defendants nowhere contend this discovery poses an undue burden, and there is none. Identifying the names and roles of Doe Defendants will allow them to be properly noticed so that they may fully participate in this litigation. Good cause exists for granting expedited discovery based on the totality of the circumstances here.

3.  **Plaintiffs' requests are tailored as narrowly as practicable to ascertain the identity and role of the Doe Defendants as well as obtain the official autopsy report of Mr. Green.**

Defendants' motion to dismiss and motion for a more definite statement is predicated in great part on denying Plaintiffs' access to needful information concerning the identity and role of the Doe Defendants and the official conclusions regarding the manner and cause of Mr. Green's death. It is unsurprising that Defendants accuse Plaintiffs of conducting a fishing expedition in making narrowly tailored requests for information relevant to these alleged deficiencies: their strategy at this stage depends on secrecy.

Defendant City is in sole possession of the information that names the Doe Defendants and describes their roles in this matter, as well as unredacted footage of the event. Plaintiffs have articulated need to see the details of what occurred without a blurring out of anything in the frame (especially Mr. Green's body and the area immediately surrounding it during the period in which he lost consciousness). Pairing the unredacted footage with information on the Defendants' identities

and roles will permit Plaintiffs to amend their pleading to lodge specific allegations of wrongdoing against properly named individuals.

As Plaintiffs do not know where exactly the requested information resides in Defendants' document system, Plaintiffs must cast a wider net than may appear necessary to Defendants. However, if a request made by Plaintiffs is deemed overly broad, the mechanism to object is clearly outlined in F.R.C.P. Rule 33. Such an objection should be addressed on a case-by-case basis and does not negate Plaintiffs' need to conduct early discovery for the purpose of identifying the name and conduct of the Doe Defendants.

**4.    This Court recognizes expedited discovery is appropriate to identify pseudonymous defendants.**

It is well-established that a plaintiff may sue an unidentified defendant. *See e.g. Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). However, the Doe defendant must be an "actual person" whose identity can be "'discovered through discovery or through intervention by the court.'" *Malibu Media LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *6 (D. Md. December 16, 2014) (*quoting Schiff v. Kennedy*, 691 F.2d 196, 197-98 (4th Cir. 1982)). Accordingly, where a plaintiff sufficiently alleges that the defendants' conduct was unlawful and the plaintiff is likely to be able to identify the defendants, the courts have allowed requests to compel production of anonymous individuals' identities. *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982). *See also Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 579 (N.D.Cal.1999); *Alvis Coatings, Inc. v. John Does One through Ten,* No. 3L94-CV-3744, 2004 WL 2904405, at *3–4 (W.D.N.C. Dec. 2, 2004).

Defendants' opposition repeatedly validates Plaintiffs' position that there are others who were participants in the events that transpired and gave rise to this cause of action. *See generally* ECF 24. Defendants acknowledge that the Doe Defendants are in fact real individuals whose identities and roles could be ascertained through discovery and cooperation in the same by Defendants.

In *Malibu Media LLC v. Doe*, No. PWG–13–365, 2014 WL 7188822 (D. Md. Dec. 16, 2014), a case involving copyright infringement[2], this Court acknowledged the appropriateness of early discovery to identify the names of <u>all</u> defendants. In that case, the identity of the defendant was only known through his IP address. The district court allowed the plaintiff to conduct early discovery and serve a subpoena on a third-party to ascertain the identity of the person attached to the IP address.

Here, the identities of the Doe Defendants in the case at bar are much more readily ascertainable. Defendant simply refuses to provide the relevant evidence to name and notice the Doe Defendants both through the prelitigation denial of plaintiffs' Maryland Public Information Act requests and opposing every part of Plaintiffs' motion for leave to conduct early discovery. This case should be determined on its merits, not by meritless secrecy.

**5.    Defendants are not meaningfully burdened by expedited discovery. The Court should not credit their speculative parade of horribles.**

Defendants argue that an order to comply with expedited discovery would be overly burdensome in that they chose to litigate a motion to dismiss in lieu of answering the complaint. However, Defendants' chosen litigation strategy is not synonymous with "burdensome" in the context of the reasonableness test, and Defendants have pointed to no case law that says the same.

Defendants further argue that future, imaginary plaintiffs will be able to circumvent the pleading requirements of Rule 8. This contention is speculative and has been found unpersuasive by other courts (except in instances where the complaint plainly did not comply with Rule 8). *See, e.g.*, *Malibu Media LLC v. Doe*, No. PWG–13–365, 2014 WL 7188822 (D. Md. Dec. 16, 2014); *Schiff v. Kennedy*, 691 F.2d 196 (4th Cir. 1982); *Columbia Ins. Co. v. Seescandy.com,* 185 F.R.D. 573

---

[2] Contrary to Defendants' suggestion that Plaintiffs' briefing lacks case law permitting early discovery outside of a motion for preliminary injunction, it should be noted that *Malibu Media LLC*, No. PWG–13–365, 2014 WL 7188822 (D. Md. Dec. 16, 2014) did not involve a preliminary injunction. Regardless, the same reasonableness test applies, regardless of the factual circumstances within which the motion is presented.

7

(N.D.Cal.1999); *Alvis Coatings, Inc. v. John Does One through Ten,* 2004 WL 2904405 (W.D.N.C. Dec. 2, 2004). The argument is also specious in this context: Plaintiffs' detailed complaint has given Defendants notice not only of the allegations against them but also the identities of the individual plaintiffs are referring to as Doe Defendants. Compliance with Rule 8 is not the issue; Defendants' preference for secrecy is.

6. **Defendants concede that there is no more efficient place to obtain the information sought than through the City itself.**

Plaintiffs outlined in detail in their motion for early discovery the attempts made to obtain the information on their own by requesting incident reports and footage from body cameras worn by those who responded to the scene through the appropriate steps under the Maryland Public Information Act. ECF 23. Defendants have cherry-picked what information they deemed appropriate to give Plaintiffs, the substance of which was limited to three police reports. Plaintiffs received redacted body-cam footage along with the public, which might help sway the court of public opinion but has no place in real litigation as there remains too many unanswered questions, including the identity of the emergency medical professionals who attended to Mr. Green and the full scope of their interventions while he was in the ambulance (owing to redactions on and around his body).

Defendants should not be permitted to gain tactical advantage to dismiss an action on its merits by keeping important, basic information secret. There can hardly be any more relevant information than the identity and role of all Doe Defendants and the unredacted footage of what occurred to Mr. Green while in their care and custody.

7. **Plaintiffs need not articulate a timeline for discovery, as Defendants appear to contend.**

It is unclear what Defendants are trying to articulate as an argument in the sixth section of their memorandum. However, the requests submitted by Plaintiffs would expedite discovery.

Plaintiffs' request for expedited discovery is analogous to allowing for early discovery to ascertain if a class action suit exists. Here, the sole purpose of discovery was fully explained in plaintiffs' motion. Replacing Doe Defendants with named defendants would make litigation more efficient and fairer for all parties involved. The Court is well-equipped to limit the scope and duration of any expedited discovery.

**8.    The Court need not wait to rule on Defendants' lengthy, complex motion to dismiss before granting leave to conduct early discovery.**

Contrary to Defendants' contention, courts routinely rule on discovery motions while there are pending motions to dismiss. A Rule 12 motion may be brought at any time prior to trial, even after discovery commences. Just like there is nothing about a pending Rule 12 motion that stays a party's obligation to comply with discovery, there is nothing about the timing of this motion that will unduly burden any party.

Finally, this motion also makes the litigation process more efficient. If the case proceeds past the pleading stage, as Plaintiffs anticipate it will, the information requested in the motion for early discovery will be requested in any event. If the Court were to grant Defendants' motion for a more definite statement or dismiss counts for alleged failure to plead with adequate specificity as to each defendant, Plaintiffs would have the information in hand as a result of the motion for early discovery to enable them to immediately replead.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to Conduct Early Discovery, hold a hearing on Plaintiffs' Motion, and grant any other such relief as this Honorable Court deems appropriate and just.

Dated: April 14, 2023              */s/ Patrick A. Thronson*
                                   Patrick A. Thronson (No. 18906)
                                   Tara Kellermeyer (No. 14239)

Janet, Janet & Suggs, LLC
Executive Center at Hooks Lane
4 Reservoir Circle, Suite 200
Baltimore, Maryland 21208
pthronson@jjsjustice.com
Telephone:    (410) 653-3200
Facsimile:    (410) 653-9030
*Attorneys for Plaintiffs Tracy Naylor and Estate of Renardo Green*

/s/ Malcolm R. Ruff (with permission)
William H. Murphy, Jr. (Bar # 07985)
Malcolm P. Ruff (Bar # 21595)
MURPHY, FALCON & MURPHY
One South Street, 30th Floor
Baltimore, MD 21202
Telephone: (410) 951-8744
Facsimile: (410) 539-6599
Email: billy.murphy@murphyfalcon.com
Email: malcolm.ruff@murphyfalcon.com
*Attorneys for Plaintiffs Brittany Green, Tiffany Green, Jayda Green, and Estate of Renardo Green*

/s/ Dwayne A. Brown (with permission)
Dwayne A. Brown (Bar #04724)
LAW OFFICE OF DWAYNE A. BROWN
20 South Charles Street, Suite 400
Baltimore, Maryland 21201
Telephone: (410) 539-6855
Email: dbrown@brownbonner.com
*Attorneys for Plaintiffs Phyllis McGowan and Estate of Renardo Green*